**UNITED STATES of America**

v.

**Marc D. PERAKIS, Appellant.**

**No. 90–3583.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 11, 1991.

Decided June 25, 1991.

---

John S. Malik, Wilmington, Del., for appellant.

William C. Carpenter, Jr., U.S. Atty., Edmond Falgowski, Asst. U.S. Atty., Wilmington, Del., for U.S.

Before NYGAARD and ALITO, Circuit Judges, and FULLAM, District Judge.*

* Honorable John P. Fullam, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

## OPINION OF THE COURT

NYGAARD, Circuit Judge

Mark D. Perakis appeals from a sentence of four months imprisonment following his 18 U.S.C. 922(g)(1) guilty plea to receiving a firearm, although he was prohibited by law from doing so. At his sentencing, Perakis argued that under Federal Sentencing Guidelines, section 5C2.1(c)(2) it was permissible that he be sentenced to substitute confinement of home, community or halfway house detention and requested that the court do so.[1] The district court denied his request. Perakis appeals. We will dismiss for lack of appellate jurisdiction.

### I.

Perakis' presentence investigation report correctly determined his offense level to be seven and his Criminal History Category to be III. Given these calculations, Perakis' guidelines sentence ranges between four and ten months. At the sentencing hearing, neither Perakis nor his counsel claimed these calculations were wrong and neither now claim the sentence to be illegal.[2] Perakis simply claims the sentencing court abused its discretion by denying his request for substitute detention.

Our limited authority to review sentences is circumscribed by 18 U.S.C. § 3742. It provides for an appeal from a sentence in the following instances: (1) the sentence imposed violates the law; (2) the Federal Sentencing Guidelines were applied incorrectly; (3) the sentence imposed is greater than that specified in the applicable guideline range of sentences and the sentence specified in the plea agreement, if any; or (4) the sentence was for an offense without an applicable guideline and is greater than the sentence specified in the plea agreement, if any. Here, none of the four necessary circumstances exist to permit Perakis to appeal his Guidelines sentence. The statute is clear. We do not have jurisdiction to review a sentencing court's discretionary refusal to impose a substitute detention under Guidelines section 5C1.1(c)(2).

Counsel for Perakis made the request to the sentencing court. The sentencing court did not expressly deny his request, but it need not. *U.S.A. v. Georgiadis*, 933 F.2d 1219, 1222 (3d Cir.1991) ("[A] sentencing court does not commit reversible error under the Sentencing Reform Act by failing to state expressly on the record that it has considered and exercised discretion when refusing a defendant's requested downward departure from the guidelines.") It is evident from the sentencing hearing that the court implicitly refused Perakis' request, stating, "[Y]ou learned too late.... You have been before the criminal justice system before. You have had the benefit of probation. You have had the benefit of coming before a judge and listening to what he had to say. This hasn't helped you." (App. at 18)

In *United States v. Denardi*, 892 F.2d 269 (3d Cir.1989), an appeal from a refusal to depart downward from the applicable Guideline sentencing range, we held that if the district court evaluated mitigating evidence presented at a sentencing hearing, "... we cannot review the correctness of such determination unless we first determine that we have jurisdiction to do so." 892 F.2d at 271. We looked for statutory grounds for appellate jurisdiction over an appeal from a refusal to depart downward from a Guidelines range and found none. 892 F.2d at 272. We held that 18 U.S.C. § 3742(a) does not authorize an appeal from a district court's discretionary refusal to reduce a sentence below an applicable

---

**1.** The provisions of Guidelines section 5C1.1(c)(2) reads:

*Imposition of a Term of Imprisonment*

(c) If the minimum term of imprisonment in the applicable guideline range in the Sentencing Table is at least one but not more than six months, the minimum term may be satisfied by ... (2) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in § 5C1.1(e).

**2.** Perakis' counsel has filed an *Anders* brief in which he has presented the issues and arguments but also states his belief that we lack jurisdiction to hear the appeal because of our decision in *United States v. Denardi*, 892 F.2d 269 (3d Cir.1989).

Guidelines range, and that appeals on these grounds will be dismissed.

We believe the holding and reasoning of *Denardi* applies equally to appeals taken under section 5C1.1(c)(2). Perakis was sentenced within the proper Guidelines range. The district court denied Perakis' request to serve a period of substitute confinement under Guidelines section 5C2.1(c)(2), and the denial of his request was unquestionably within the court's discretion. We hold the district court's sentence is not subject to appellate review. ·

## II.

Accordingly, and for the reasons set forth, we conclude that we lack appellate jurisdiction over the appeal and will dismiss.