999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcelino AGUIRRE-PENA, Defendant-Appellant.
 No. 92-50756.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 6, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcelino Aguierre-Pena appeals his 6-month sentence imposed after guilty pleas to transferring false identification documents, possessing with intent to unlawfully transfer false identification documents, and possessing document-making implements, in violation of 18 U.S.C. § 1028(a)(2), (3), (5). Aguierre-Pena contends that the district court erred by, first, refusing to group the three counts under U.S.S.G. § 3D1.2, second, refusing to depart downward from the applicable Guidelines range, and third, ordering him to serve one-half of his sentence in a community correction center, rather than home detention, because he is Spanish-speaking in violation of his equal protection rights. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and dismiss in part.
 
 
 3
 * Grouping
 
 
 4
 Aguierre-Pena contends that the district court erred by refusing to group all his counts of conviction under U.S.S.G. § 3D1.2 because, although the offenses occurred on different days, they involved the same victim. The district court, however, indicated that it would have imposed the same sentence regardless of whether the offenses were grouped.[1] Thus, we need not address this contention. See United States v. Cooper, 912 F.2d 344, 348 (9th Cir.1990).
 
 II
 Downward Departure
 
 5
 Aguierre-Pena further contends that the district court erred by refusing to depart downward from the applicable Guidelines range because he was a victim of "sentencing entrapment."
 
 
 6
 A district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 
 7
 Here, the district court reviewed the presentence report (PSR), and considered briefs and oral argument regarding the appropriateness of a downward departure. The court stated "[t]his is not an extraordinary case requiring downward departure." Because the court exercised its discretion by refusing to depart downward from the Guidelines, we lack jurisdiction to review Aguierre-Pena's request for a downward departure. See id.
 
 III
 Home Detention
 
 8
 Finally, Aguierre-Pena contends that the district court violated his equal protection rights by ordering him to serve half of his sentence in community confinement, rather than home detention. Specifically, Aguierre-Pena argues that he was denied the opportunity of home detention because he is Spanish-speaking.
 
 
 9
 We lack jurisdiction to review a lawful sentence correctly imposed under the Guidelines. 18 U.S.C. § 3742; United States v. Kohl, 972 F.2d 294, 299 (9th Cir.1992).
 
 
 10
 Under the Guidelines, if the minimum term of imprisonment in the sentencing range is at least one but not more than six months, the district court may impose "a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention ... provided that at least one-half of the minimum term ... is satisfied by imprisonment." U.S.S.G. § 5C1.1(c)(3).
 
 
 11
 Here, the PSR indicated that home detention was not an available option for Aguierre-Pena because the national contract agency did not have bilingual staff. At sentencing, defense counsel argued that Aguierre-Pena's equal protection rights were violated because the PSR did not recommend home detention, and thus the court could not consider it as an option. In response, the court stated:
 
 
 12
 Well, if I wanted that as an option I could get it. I don't want that as an option. I don't think it's appropriate in this case. If the probation department would say, 'We would recommend this if it were available,' and I said, 'I wanted to give it to him if it were available,' then I think you might have a claim. But I do not think that it is appropriate for this defendant, mostly because that he was on probation and expressly forbidden to do what he did, and he did it.
 
 
 13
 (ER at 33-34). The court then imposed a three-month term of imprisonment followed by three years of supervised release on each count to be served concurrently. The court further ordered three months in a community correction center as a condition of supervised release.
 
 
 14
 Because the court correctly applied the guidelines and did not impose a sentence in violation of the law, we lack jurisdiction to review this contention. See Kohl, 972 F.2d at 300.
 
 
 15
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Based upon a total offense level of 9 and criminal history category II, Aguierre-Pena's sentencing range was 4 to 10 months. Assuming the offenses were grouped, a total offense level of 7 would have resulted in a sentencing range of 2 to 8 months. The district court indicated that it would have imposed a 6-month sentence within either range