64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Franklin NEWSOM, Defendant-Appellant.
 No. 94-5378.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1995.
Decided Aug. 18, 1995.
 
 Michael J. Curtis, Ashland, KY, for Appellant. Rebecca A. Betts, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before ERVIN, Chief Judge, MOTZ, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Franklin Newsom was convicted by a jury of retaliating against a federal official, 18 U.S.C.A. Sec. 115(a) (West Supp.1995), and he was sentenced to serve 30 months imprisonment. Newsom contends on appeal that the district court abused its discretion in refusing to give him a split sentence under guideline section 5C1.1.[1] We dismiss the appeal for reasons stated below.
 
 
 2
 Newsom was serving a prior sentence for conspiracy to distribute marijuana when he was indicted for making threats against the Assistant United States Attorney who prosecuted him on the marijuana charge. At his sentencing in May 1994, Newsom asserted that he had become eligible for less restrictive confinement in a halfway house in October 1993, but had been detained in prison until his sentence terminated on April 15, 1994, because of the pending retaliation charge. He requested that the district court give him credit for those seven months. The district court found that it lacked the authority to reduce Newsom's sentence for time served on a prior sentence which had already terminated, and sentenced Newsom to 30 months, the high end of his guideline range of 24-30 months.
 
 
 3
 On appeal, Newsom contends that the district court had the authority to sentence him within his guideline range to 24 months imprisonment and six months community confinement in order to compensate him for his lost opportunity for community confinement on his previous sentence. However, a sentence which is within a correctly calculated guideline range is not reviewable on appeal. United States v. Jones, 18 F.3d 1145, 1151 (4th Cir.1994).[2] We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 We note that Newsom failed to frame his request in these terms for the district court, and that other circuits have held that a defendant whose guideline range falls within Zone D of the Sentencing Table (as Newsom's does) is not eligible for a substitute punishment such as community confinement. See United States v. Goff, 6 F.3d 363, 367 (6th Cir.1993); United States v. Edwards, 960 F.2d 278, 284 (2d Cir.1992)