NYGAARD, Circuit Judge,
concurring.
I write separately because I conclude that we should not consider the issue the majority reaches in Section III of its opinion.
18 U.S.C. § 3742(a) provides that a defendant may only file a notice of appeal of a sentence when it is imposed: (1) in violation of law; (2) through an incorrect application of the guidelines; (3) in excess of the guidelines; or (4) where there is no guideline and the sentence is plainly unreasonable. None of those four conditions apply here.
Graham was sentenced to prison for a term of 46 months, a sentence within, albeit at the top of, his guideline range. He does not allege error in the calculation of his guideline range, nor that his presentence investigation report contained anything improper. Moreover, he does not take issue with the sentencing guideline range of 37 to 46 months and concedes that the district court sentenced him within the appropriate guideline range.
Graham only speculates on appeal that the district court may have considered factors to which Graham did not have an opportunity to respond. Inasmuch as the sentencing guideline range was less than 24 months, the district court was not required- to give reasons for its decision to sentence Graham at the top of the guideline range. See 18 U.S.C. § 3553(c). Nonetheless, even on an independent review of the record, I cannot find evidence of any impropriety that would allow us to speculate that the district court may have violated the law in sentencing Graham. Henee, I conclude that Graham has failed to show any error that satisfies the requisites of 18 U.S.C. § 3742(a).
Section 3742 is a gatekeeping provision. Congress provided it to establish “a limited practice of appellate review of sentences in the Federal criminal justice system” (emphasis added), that would “preserve the concept that the discretion of a sentencing judge has a proper place in sentencing and should not be displaced by the discretion of an appellate court.” S.Rep. No. 225, 98th Cong., 2d Sess. 149-50 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3332-33.
My view of the limited appellate review of guideline sentences is further supported in the legislative history of § 3742:
Appellate courts have long followed the principle that sentences imposed by district courts within legal limits should not be disturbed_ [The Sentencing Reform Act is] intended to afford enough guidance and control of the exercise of [district court] discretion to promote fairness and rationality, and to reduce unwarranted disparity, in sentencing. Section 3742 accommodates all of these considerations by making appellate review of sentences available equally to the defendant and the government, and by confining it to cases in which the sentences are illegal, are imposed as the result of an incorrect application of the sentencing guidelines, or are outside the range specified in the guidelines and unreasonable.
S.Rep. No. 225, supra, at 150, 1984 U.S.C.C.A.N. at 3333 (footnote omitted).
In United States v. Perakis, 937 F.2d 110 (3d Cir.1991), we held that we did not have jurisdiction to review a sentencing court’s discretionary refusal to grant substitute detention under U.S.S.G. § 501.1(c)(2). We held that unless one of the “four necessary circumstances exist to permit ... appeal,” we do not have jurisdiction to review a district court’s decision as long as its sentence remains within the boundaries of the guidelines. 937 F.2d at 111. In Perakis, we were following the lead of United States v. Denardi, 892 F.2d 269, 271-72 (3d Cir.1989), in which we held that § 3742(a) does not authorize an appeal from a district court’s discretionary refusal to depart from the applicable guidelines range.
Although the precise issue presented to us here was not decided in either Perakis or Denardi, once we determine that the district court committed no error of law, I suggest that both cases counsel against affirming the district court with regard to the allegation of *361 error addressed in this portion of the appeal. I would dismiss the appeal with respect to this allegation of error, rather than affirm the judgment of the district court. In reaching this conclusion, I would join eight other courts of appeals that have similarly decided the question.[1]

. See United States v. Garrido, 38 F.3d 981, 986 (8th Cir.1994); United States v. Mihm, 13 F.3d 1200, 1205 (8th Cir.1994) ("Because the district court then imposed a sentence within the range, we have no jurisdiction to review the sentence.”); United States v. Woodrum, 959 F.2d 100, 101 (8th Cir.1992) (per curiam) ("A sentence is not reviewable merely because it is at the top of a properly calculated Guideline range.”); United States v. Lopez, 974 F.2d 50, 53 (7th Cir.1992) ("Courts have great flexibility in picking a sentence within the range.”); United States v. Garcia, 919 F.2d 1478, 1482 (10th Cir.1990) ("We are unwilling to scrutinize sentencing justifications offered by a district court when the sentence is within an admittedly appropriate range unless those justifications implicate 18 U.S.C. § 3742(a)(1) or (2).”); United States v. Vega-Encarnacion, 914 F.2d 20, 25 (1st Cir.1990) (We have "no appellate jurisdiction to consider a sentence that was within the applicable guideline range and was correctly determined.”), cert. denied, 499 U.S. 977, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991); United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990); United States v. Pelayo-Bautista, 907 F.2d 99, 101-102 (9th Cir.1990); United States v. Tucker, 892 F.2d 8, 11 (1st Cir.1989) (The legislative history "further implies that Congress did not intend to allow an appeal from a sentence within the Guidelines.”); United States v. Colon, 884 F.2d 1550, 1555 (2nd Cir.) (“Congress's failure to provide appellate review of sentences within the Guidelines correctly calculated was thus a conscious decision consistent with its overall purpose.... If not inexorable, the provision of appellate review solely for departures is understandable.... Sentences within the Guidelines may be deemed to be reasonable and within the exclusive discretion of the sentencing court solely because of the Commission's blessing of the permissible range.”), cert. denied, 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). The Eleventh Circuit has taken a unique approach,' although the effect is identical. See United States v. Fossett, 881 F.2d 976, 979 (11th Cir.1989) (A sentence is a final decision within the meaning of 28 U.S.C. § 1291, and hence, we have jurisdiction. 18 U.S.C. § 3742 "does not regulate the jurisdiction of the courts of appeals over appeals themselves; rather section 3742 defines the claims that the courts of appeals may hear in reviewing an appeal.”). See also U.S.S.G. § 5C1.1(a) (“A sentence conforms with the guidelines for imprisonment if it is within the minimum and maximum terms of the applicable guidelines range.").