

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2003

# USA v. Clark

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3188

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Clark" (2003). *2003 Decisions.* Paper 473.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/473

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3188

_____

UNITED STATES OF AMERICA

v.

KASIMU CLARK
Appellant.

_____

On Appeal from the United States District Court
for the District of Delaware
(Crim. No. 1:02-CR-00002)
District Judge: The Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 5, 2003

Before: BARRY and FUENTES, Circuit Judges and MCLAUGHLIN*, District Judge
(Opinion Filed: June 9, 2003)

* The Honorable Mary A. McLaughlin, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT

_____

FUENTES, <u>Circuit Judge</u>:

On March 28, 2002, Kasimu Clark entered a plea of guilty to one count of passing counterfeit checks in violation of 18 U.S.C. §§ 2 and 513. On July 23, 2002, Clark was sentenced to a term of imprisonment of 10 months and was ordered to make restitution in the amount of $6,990 and to pay a special assessment of $100. Clark's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), expressing his belief that Clark cannot raise any non-frivolous issues for our review, and directing us, as is required under <u>Anders</u>, to the issues that he thought Clark might raise on appeal.

The parties adopted the findings and guideline calculations of the Presentence Report. With a total offense level of 8 and a Criminal History Category of II, Clark's sentencing range was 4-10 months of incarceration. Clark's counsel does not contend that these calculations were wrong or that the 10 month sentence imposed by the district court was illegal. The sole issue presented for our consideration is whether the district court abused its discretion in denying Clark's request to serve his sentence via the substitute confinement alternative of home detention provided by U.S.S.G. § 5C1.1(c)(2).[1]

---

[1] U.S.S.G. § 5C1.1(c)(2) provides, in pertinent part:

> (c) If the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by –
>
> > (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according

At the time of sentencing, Clark had served approximately 4 months of his sentence because his incarceration commenced on April 1, 2002, when he reported to the United States Marshal's Service as he was ordered to after pleading guilty. Clark's counsel requested that the district court order that any portion of Clark's sentence in excess of the minimum guideline sentence of 4 months be served through home detention. The district court ruled:

> I have reviewed the presentence report carefully and under the circumstances . . . we don't have any record of the defendant working since 1999 so I'm not exactly sure what he has been doing over the past few years but it hasn't been productive from what I can tell. In any event, I respectfully decline to adopt counsel's recommendation and I am going to sentence . . . the defendant to a term of 10 months which is within the sentencing guideline.

Joint Appendix at A-26.

A defendant may appeal from a sentence imposed by the district court only if the sentence (1) was imposed in violation of law, (2) was imposed as a result of an incorrect application of the sentencing guidelines, (3) is greater than that specified in the applicable guideline range, or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. See 18 U.S.C. § 3742(a); United States v. Torres, 251 F.3d 138, 151 (3d Cir. 2001), cert. denied, 534 U.S. 936 (2001). Here, Clark does

---

to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment[.]

U.S.S.G. § 5C1.1(c)(2).

not, and indeed cannot, raise any of the above bases for appealing his sentence. "We do not have jurisdiction to review a sentencing court's discretionary refusal to impose a substitute detention under Guidelines section 5C1.1(c)(2)." United States v. Perakis, 937 F.2d 110, 111 (3d Cir. 1991).

After carefully reviewing the briefs and accompanying materials of record, we will dismiss the appeal of the sentence imposed by the district court. Counsel conducted a conscientious review of the record and concluded that there were no non-frivolous issues that could be raised on appeal, as required by Anders, 386 U.S. at 744. We have conducted an independent examination of the record before us, and we agree with counsel that there are no non-frivolous issues that justify review. Because counsel has complied with all of the procedures specified in Anders, we will grant his motion for withdrawal.

For the foregoing reasons, we conclude that we lack appellate jurisdiction over this appeal and will dismiss it and grant counsel's request to withdraw.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

By the Court,

/S/ Judge Julio M. Fuentes

Circuit Judge