

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2003

# USA v. Cumplido

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4473

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"USA v. Cumplido" (2003). *2003 Decisions*. Paper 58.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/58

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-4473
_____

UNITED STATES OF AMERICA

v.

JAIRO SIERRA CUMPLIDO,

*Appellant*

_____

On Appeal From The District Court of The Virgin Islands
(D.C. No. 01-cr-00254-1)
District Judge: Honorable Thomas K. Moore
_____

Submitted Under Third Circuit LAR 34.1(a)
December 9, 2003

Before: NYGAARD, BECKER, and STAPLETON,
*Circuit Judges*

(Filed: December 16, 2003)

_____

OPINION
_____

BECKER, *Circuit Judge.*

This is an appeal by defendant Jairo Sierra-Cumplido from the judgment in a

criminal case following a plea of guilty to re-entry after deportation.   Following the

appeal, defense counsel filed a motion to withdraw and a brief in support of this motion pursuant to the decision in *Anders v. California*, 386 U.S. 738 (1967). In that brief, after a statement of the case and the facts, counsel makes the following statement:

> Counsel for Appellant has diligently searched the record in this matter in good faith, and is not able to assert to this Court hat there are any appealable issues which would warrant reversal of Appellant's conviction However, counsel has found issues which warrant further scrutiny by this Court.

We have carefully examined the record, as well as the issues that counsel has suggested warrant further scrutiny by this Court. However, none of them are of any help to the defendant. While the writer is flattered by the suggestion that his dissenting opinion in *United States v. Denardi*, 892 F.2d 269 (3d Cir. 1989), was correct, the fact is that the majority opinion has prevailed here and in seven other circuits. At all events even if the dissent were the law, it would not help defendant for the facts in this case do not suggest that the refusal to depart was "plainly unreasonable" or would result in unwarranted disparity between sentencing judges. Sierra-Cumplido has previously been sent to prison twice for involvement in cocaine distribution offenses which were committed while he was a permanent resident of the United States. The second cocaine conspiracy offense was committed while he was still on parole for the first offense, and the re-entry offense was committed while he was on supervised release for the second drug offense. And despite mitigating factors, it cannot be said on the record that the refusal to depart was plainly unreasonable or a gross abuse of discretion.

2

Counsel also directs us to *United States v. Perakis*, 937 F.2d 110 (3d Cir. 1991) and *United States v. King*, 53 F.3d 589 (3d Cir. 1995), but neither of these cases help defendant either.

After thorough examination of the proceedings, we agree with counsel that there are no non-frivolous issues to raise on appeal. Our jurisprudence requires that counsel in an *Anders* situation adequately attempt to uncover the best arguments for his or her client. *See United States v. Donald Wayne Marvin*, 211 F.3d 778 (3d Cir. 1999). However, having read the entire record, we are satisfied that counsel has fulfilled his *Anders* obligations. Indeed we commend counsel on his diligence, a model of fidelity to *Anders* obligations. We will therefore grant counsel's request to withdraw, and will affirm the judgment on the merits.[1]

---

[1]We also note our view that, because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b)(2000).

TO THE CLERK:

Please file the foregoing opinion.

/s/ Edward R. Becker
Circuit Judge

4