United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50332
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

RAMON OLVERA-OVALLE, also known as
Jose Humberto Gonzalez-Davila

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-03-CR-513-ALL-XR

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Ramon Olvera-Ovalle (Olvera) pleaded guilty to illegal reentry into the United States. He was sentenced to 57 months' imprisonment, three years' supervised release, and a $100 special assessment.

    Olvera argues that the district court erred by declining to downwardly depart on the mistaken assumption that it lacked the authority to do so. However, the record does not clearly reveal whether the court properly understood its discretion to depart.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In light of the ambiguity, we REMAND the case for reconsideration of the sentence.[1] The only issue on remand is whether the district court recognized that it had discretion to depart. If the district court was aware of its discretion but declined to exercise it, then the original sentence should stand. However, if the district court believed that it lacked the authority to depart, Olvera should be resentenced with the district court's full awareness of its discretionary authority.[2] We take no position on what decision the district court should make.

Olvera also argues that the enhancement of his sentence due to a prior aggravated felony conviction constitutes a due process violation in light of *Apprendi v. New Jersey*,[3] because the prior conviction was not alleged in the indictment. As Olvera concedes, this argument is foreclosed.[4]

REMANDED FOR RECONSIDERATION OF SENTENCE.

---

[1]*See United States v. Garcia-Ortiz*, 310 F.3d 792, 795-96 (5th Cir. 2002).

[2]*See* U.S.S.G. § 4A1.3(b)(1).

[3]566 U.S. 430 (2000).

[4]*See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *United States v. Mancia-Perez*, 331 F.3d 464, 470 (5th Cir. 2003).