United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40167
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN FRANCISCO REYES-JASSO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1452-ALL
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Juan Francisco Reyes-Jasso (Reyes) pleaded guilty to illegal re-entry following a prior deportation. The district court sentenced Reyes to 70 months' imprisonment to run consecutively to an 18-month sentence on a revocation of supervised release.

Reyes argues that the district court erred by declining to impose the instant sentence concurrently with the sentence revoking his supervised release. He asserts that the district court failed to impose a concurrent sentence based upon the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mistaken assumption that it lacked the authority to do so. The record does not clearly reveal whether the district court properly understood its discretion to impose a concurrent sentence under U.S.S.G. § 5G1.3(c)(Nov. 2003). In light of the ambiguity, we remand the case for reconsideration of the sentence. See United States v. Garcia-Ortiz, 310 F.3d 792, 795-96 (5th Cir. 2002). The only issue on remand is whether the district court recognized that it had the discretion to impose a concurrent sentence. If the district court was aware of its discretion but declined to exercise it, then the original sentence should stand. However, if the district court believed that it lacked the authority to impose a concurrent sentence, Reyes should be resentenced with the district court's full awareness of its discretionary authority. We take no position on what decision the district court should make.

For the first time on appeal, Reyes contends that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 566 U.S. 430 (2000), because the prior conviction was not alleged in the indictment. As Reyes concedes, this issue is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Reyes further argues that the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004), should be applied to sentences determined under the federal sentencing guidelines.

As Reyes also concedes, this argument is foreclosed by this court's recent opinion in <u>United States v. Pineiro</u>, 377 F.3d 464, 465-73 (5th Cir. 2004), <u>petition for cert. filed</u>, (U.S. July 14, 2004) (No. 04-5263), but he raises it to preserve it for possible further review.

REMANDED FOR RECONSIDERATION OF SENTENCE.