IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2007

Charles R. Fulbruge III
Clerk

No. 06-40269
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALBERT CECERO THOMPSON

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-955-ALL

Before HIGGINBOTHAM, STEWART, AND OWEN, Circuit Judges.

PER CURIAM:[*]

Albert Cecero Thompson appeals the 33-month sentence he received following his guilty-plea conviction for transporting an illegal alien, in violation of 8 U.S.C. § 1324. He contends that the sentence imposed is error because the Statement of Reasons (SOR) attached to the written judgment plainly demonstrates that the district court did not recalculate the guidelines after granting his request for an acceptance-of-responsibility reduction, pursuant to U.S.S.G. § 3E1.1. Thompson concludes that the written judgment thus conflicts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with the court's oral pronouncements at sentencing and that the error affected his substantial rights because the district court is required to calculate the advisory guidelines range correctly, because the SOR shows that it did not do so, and because the 33-month sentence imposed exceeds the correctly calculated guidelines range without giving reasons for the departure. He points out that, with the three-level reduction, his offense level would have been 15, subjecting him to a revised guidelines range of 24 to 30 months.

Because the argument is raised for the first time on appeal, review is for plain error. Plain error arises if "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). If such error is found, the court exercises its discretion to correct it only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 358-59. The Government agrees that the written judgment appears to conflict with the oral pronouncement of sentence but contends that Thompson has not demonstrated plain error because the sentence imposed fell within the correctly calculated guidelines range with a two-level acceptance-of-responsibility reduction, which it urges is all the district court was authorized to award under § 3E1.1.

An oral pronouncement of judgment will control over the written judgment if the two conflict. United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). It is clear that the oral pronouncement of sentence and the written judgment conflict in the instant case. The district court orally granted Thompson's request for an acceptance-of-responsibility reduction, but the written judgment incorrectly states that the PSR was adopted without change, that the offense level was 18, with a resulting guidelines range of 27 to 33 months, and that the sentence imposed fell within the guidelines range.

Ordinarily, the case would be remanded to have the district court amend the written judgment to conform to its oral judgment at sentencing. See

Martinez, 250 F.3d at 942. However, the district court's oral pronouncement of sentence in the instant case was internally inconsistent. Although the record shows that the district court granted an acceptance-of-responsibility reduction, the extent of that reduction is unclear. Thompson is correct that the district court appears to have granted his request for a three-level acceptance-of-responsibility reduction, but the Government is also correct that a third point for acceptance requires a formal Government motion, which did not occur in the instant case. See § 3E1.1(b) and comment. (n.6). However, to the extent the Government declined to move for the additional point or objected to the district court's award of a three-level reduction, if that is in fact what occurred, the Government's failure to make such motion may be a breach of the plea agreement. See United States v. Wilder, 15 F.3d 1292, 1301 (5th Cir. 1994). Additionally, it is unclear what effect, if any, the district court intended Thompson's pretrial-release conduct to have on the sentence imposed.

Given the conflict between the written judgment and the oral pronouncement of sentence as well as the ambiguities in the oral pronouncement of sentence, we vacate Thompson's sentence and remand for resentencing to resolve the conflict and ambiguities. See United States v. Daugherty, 269 U.S. 360, 363 (1926); United States v. Patrick Petroleum Corp. of Michigan, 703 F.2d 94, 98 (5th Cir. 1982); see also United States v. Garcia-Ortiz, 310 F.3d 792, 795 (5th Cir. 2002).

VACATED AND REMANDED FOR RESENTENCING.