**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-30280
Summary Calendar

November 17, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN OWENS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-238-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to mail fraud, Juan Owens appeals his 14-month sentence. Owens argues that the district court erroneously assumed that the Sentencing Guidelines in his case did not authorize a split sentence consisting of part imprisonment and part probation or supervised release with home confinement. He urges that his within-guidelines sentence must be vacated because the sentencing court committed a procedural error by incorrectly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluding that granting his request for a split sentence would constitute a downward departure.

Our authority to review sentences is limited by 18 U.S.C. § 3742, and we lack jurisdiction to review a discretionary decision not to impose a split sentence. *United States v. Garcia-Ortiz*, 310 F.3d 792, 793 (5th Cir 2002). As the record in this case shows that the sentencing court was aware that it had the discretion to impose a split sentence, but declined to do so, we lack statutory jurisdiction under § 3742. Accordingly, the appeal is DISMISSED. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988).