# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10767

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

KENNETH REVEN MCCLAIN, also known as Jessie, also known as Lonnie
Smith, also known as Roosevelt Hicks, also known as Corey Arness, also
known as Keith Perry, also known as Paul Linder,

   Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-332-1

Before JONES, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

  Kenneth McClain was sentenced to 21-month imprisonment after
violating his supervised-release conditions. The revocation petition alleged two
Grade A and two Grade C violations. McClain contested all four and put the
government to its burden of proof. After hearing the evidence, the district court
found that McClain had committed only the Grade C violations. Yet

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-10767

immediately after announcing this finding, it applied the Grade A sentencing range. These two statements do not match.

"[U]nclear or ambiguous sentences must be vacated and remanded for clarification." *United States v. Garza*, 448 F.3d 294, 302 (5th Cir. 2006). Accordingly, we vacate McClain's revocation and sentence, and remand this case to the district court to resolve the internal inconsistency in the oral pronouncement and to reveal its true intent. *See United States v. Thompson*, 254 F. App'x 278, 280 (5th Cir. 2007) (per curiam) (remanding for resentencing to resolve internal inconsistencies in the oral pronouncement of the sentence). The sole issue on remand will be as follows: In addition to the Grade C violations, does the district court find that—based on the evidence presented at the previous revocation—McClain more likely than not committed the Grade A violations while on supervised release? If yes, then the district court may use the same sentencing range as before.[1] If no, then the court should use the Grade C range and sentence McClain accordingly.

VACATED AND REMANDED.

---

[1] McClain also argues that the district court denied him his right to allocute. Though we do not reach this issue, the district court should allow McClain a chance to allocute on remand.