# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2022

Lyle W. Cayce
Clerk

No. 22-20077
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADEMOLA BABATUNDE OKULAJA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-342-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Ademola Babatunde Okulaja appeals his sentence imposed on remand for his conviction of two counts of false use of a passport. At resentencing, the Government stated that immigration authorities counseled that a sentence exceeding 12 months would trigger removal proceedings or result

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

in a closer review of Okulaja's immigration status.  Okulaja now asserts that the Government mistakenly informed the district court that a sentence of more than 12 months could have immigration consequences, as the relevant immigration statute, 8 U.S.C. § 1101(a)(43)(P), uses the phrase "at least 12 months."  Thus, he maintains that when the district court revised its sentence from concurrent prison terms of 12 months and a day to concurrent prison terms of 12 months, it imposed a procedurally unreasonable sentence because it relied on erroneous information in doing so.  Although Okulaja was released from Bureau of Prisons custody on February 2, 2022, he remains subject to three-year terms of supervised release; thus, his appeal is not moot.  *See United States v. Vega*, 960 F.3d 669, 672-75 (5th Cir. 2020).

Here, the written transcript of the resentencing hearing is ambiguous as to the district court's intent in modifying Okulaja's term of imprisonment from 12 months and a day to 12 months.  Although the district court distanced itself from potential immigration consequences, it reduced Okulaja's sentence by one day in an effort to "take[] care of our problem."  The district court did not explain what it meant by "problem," and its intent is not discernible from the record as a whole.

In light of the ambiguities in the record, we REMAND to permit the district court to reconsider its sentence.  *See United States v. Garcia-Ortiz*, 310 F.3d 792, 795-96 (5th Cir. 2002).  The only issue on remand is whether the district court intended to account for the statutory threshold found in Section 1101(a)(43)(P) by sentencing Okulaja to 12 months of imprisonment.  If the district court did so intend, Okulaja should be resentenced with the district court's full awareness that the relevant statute uses the phrase "at least 12 months."  If the district court did not intend to account for the statutory threshold, then Okulaja's sentence should stand.