# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-10747
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Brandon Crawford,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:24-CR-15-1

———————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Michael Crawford pleaded guilty of escape from a halfway house. The district court ordered that the sentence run consecutively to any sentence imposed by the Tom Green County Court at Law in Nos. 24-00664L (failure to identify) and M-24-0094 (theft) and by the district court in No. 6:15-cr-16. The district court also ordered that the sentence run *concurrently* with any sentence imposed by the 391st District Court in No. D-24-0269-SA. That

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

case, however, is the same state theft offense charged in M-24-0094, transferred from Tom Green County to the 391st District Court.

On appeal, Crawford contends that the district court plainly erred by ordering his sentence to run consecutively to his then pending state sentence in No. 24-00664L (failure to identify) rather than concurrently. He also asserts that it is uncertain whether the district court intended the instant sentence to run consecutively to either of his state offenses.

We agree that the district court's intent is not clear. Although it adopted the presentence report, which recommended that the instant sentence run concurrently with No. 24-00664L, the court ordered it to run consecutively. Further, the court agreed to counsel's request to run the sentence concurrently with the sentence for the state theft offense but then ordered it to run both consecutively and concurrently, citing both the original docket number and court and those following the transfer.

Given these discrepancies, we REMAND solely for clarification of the court's intent. *See United States v. Garcia-Ortiz*, 310 F.3d 792, 795 (5th Cir. 2002). Once the clarification is issued, the case will be returned to this court. We retain jurisdiction for all other purposes. *See United States v. Posligua*, 120 F.4th 1293, 1295 (5th Cir. 2024).