# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60283

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NICKDANIEL DEWAYNE CLAY,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Defendant Nickdaniel Clay appeals a within-guidelines sentence, arguing that the district court failed to appreciate that 18 U.S.C. § 3553(a) provided it with discretion to vary from the advisory sentencing range under the U.S. Sentencing Guidelines. Because the district court did not understand the breadth of its discretion in confecting the sentence, we vacate Clay's sentence and remand for resentencing.

## I. BACKGROUND

Clay pled guilty to possession with intent to distribute cocaine, which, when combined with prior convictions, qualified Clay as a career offender

No. 14-60283

under § 4B1.1 of the U.S. Sentencing Guidelines.[1]  Clay's career-offender status resulted in a guidelines range of 151 to 188 months of imprisonment; his guidelines range only would have been 30 to 37 months of imprisonment except for the guidelines applicable to career offenders.

At sentencing, Clay did not challenge the application of the career-offender guidelines.  Instead, he argued that a downward variance under 18 U.S.C. § 3553(a) was appropriate because (1) the circumstances of his prior convictions showed that he was not the type of serious repeat offender to whom the career-offender provision in U.S.S.G. § 4B1.1 was intended to apply and (2) therefore, a sentence within the career-offender-guideline range would be greater than necessary to meet the goals set forth in § 3553(a).

The district court acknowledged that the career-offender enhancement significantly increased Clay's guidelines sentence and stated that it was "troubled" by that result.  Nevertheless, the district court imposed a sentence at the bottom of the guidelines range, refusing to vary downwardly because there was no "Fifth Circuit guidance" related to variances when a defendant is subject to the career-offender provision in U.S.S.G. § 4B1.1.  The district court stated, if it had "Fifth Circuit authority" to vary, Clay's sentence likely "would have been different."

On appeal, Clay contends that the district court procedurally erred by failing to appreciate its discretion to vary from the advisory guidelines range. Clay further asserts that the district court erred by not allowing him to allocute before imposing sentence.

---

[1] Clay's two qualifying offenses are strong armed robbery and sale of one-tenth of a gram of crack cocaine within 1,000 feet of a church.

No. 14-60283

## II. DISCUSSION

When reviewing a sentence, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the § 3553(a) factors." *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014) (quotation marks omitted); *see also Gall v. United States*, 552 U.S. 38, 51 (2007).  If procedural error occurs, harmless error review applies. *Robinson*, 741 F.3d at 598.  In conducting this review, we review the district court's interpretation or application of the sentencing guidelines de novo and its factual findings for clear error. *Id.* at 598-99.

### A.  Procedural Error

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentencing "courts must conduct a two-part process—first calculating the sentence using the now-advisory Sentencing Guidelines, then applying an individualized assessment using the factors set out in 18 U.S.C. § 3553(a)." *Robinson*, 741 F.3d at 599 (citing *Gall*, 552 U.S. at 49-50).

There is no question that the district court aptly applied the sentencing guidelines to Clay's crime; nor is there any argument that the district court miscalculated the recommended sentence under the guidelines.  The question on appeal is whether—after calculating Clay's *advisory* sentencing range—the district court failed to "apply[] an individualized assessment using the factors set out in 18 U.S.C. § 3553(a)" to determine the appropriate sentence in this case. *Id.*

Section 3553(a)(1) issues a "broad command," requiring the district court to "consider the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* (quotation marks omitted); *see also id.* at

3

No. 14-60283

600 (stating that "§ 3553(a)(1) contains no express limitations as to what history and characteristics of the defendant are relevant." (quotation marks omitted)). Other § 3553(a) factors have similarly broad concerns that a district court must assess, in an individualized manner, before imposing its sentence. *E.g.*, 18 U.S.C. § 3553(a)(2)(B) (requiring consideration of the need for the sentence "to afford adequate deterrence"); *id.* § 3553(a)(2)(C) (requiring consideration of the need for the sentence "to protect the public from further crimes of the defendant").

When determining the appropriate sentence, the district court further considers the sentence recommended by the U.S. Sentencing Guidelines. The sentencing guidelines, however, are only *advisory*; they "serve as one factor among several" that must be considered when "determining an appropriate sentence." *Kimbrough v. United States*, 552 U.S. 85, 90-91, 101 (2007) ("[W]hile [§ 3553] still requires a court to give respectful consideration to the Guidelines, . . . *Booker* permits the court to tailor the sentence in [the] light of other statutory concerns as well."). To be sure, the Supreme Court has applied this general rule to a particular guidelines enhancement—one that increases the recommended sentence for offenses dealing with crack cocaine (as opposed to powder cocaine). *Id.* at 91. In so doing, the Supreme Court held that the district court may, after considering the factors in § 3553(a), determine "that, in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Id.* In such case, the district court can vary from the guidelines. The Supreme Court's holding results from a sort of *a fortiori* rationale: After considering all of the § 3553 factors, it is undisputable that a district court has discretion to vary from the advisory guidelines sentence. So, within this broad authority, a district court, *a fortiori*, has discretion to vary from a particular guideline enhancement.

4

No. 14-60283

This reasoning applies here. That is, given the advisory nature of the sentencing guidelines and the district court's discretion generally to vary from the recommended guidelines sentence after conducting an individualized assessment of the § 3553(a) factors, a district court, *a fortiori*, has discretion to vary from a guidelines sentencing range irrespective of whether that particular sentencing recommendation arises under the career-offender provision in U.S.S.G. § 4B1.1. In short, a district court's sentencing discretion is no more burdened when a defendant is characterized as a career offender under § 4B1.1 than it would be in other sentencing decisions.[2] *Accord United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) ("[A] sentencing court may vary from the Guidelines based solely on policy considerations, including disagreements with the Guidelines, if the court feels that the guidelines sentence fails properly to reflect § 3553(a) considerations."). Furthermore, it is not necessary to identify a court of appeals decision that has directly addressed the guidelines provision at issue as *Booker* provides that discretion across the board with the statutory sentencing factors serving as the guideposts.

A district court's failure to recognize its discretion to vary in this context constitutes procedural error. *Accord Robinson*, 741 F.3d at 601 ("[A] sentencing court commits procedural error if it fails to appreciate its discretion

---

[2] Other circuits appear to agree. *See, e.g.*, *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010) (en banc) ("[A] judge who understands what the [U.S. Sentencing] Commission recommends, and takes account of the multiple criteria in § 3553(a), may disagree with the Commission's recommendation categorically, as well as in a particular case. Because § 4B1.1 is just a Guideline, judges are . . . free to disagree with it . . . . No judge is *required* to sentence at variance with a Guideline, but every judge is at liberty to do so."); *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009) ("[T]he Supreme Court has consistently reaffirmed that *all* of the sentencing guidelines are advisory. . . . That holds true for the career-offender provisions just as it does any other provisions of the Guidelines."); *United States v. Boardman*, 528 F.3d 86, 88 (1st Cir. 2008) (remanding for the district court to "consider [sentencing] issues with the additional latitude furnished by *Kimbrough*").

to consider evidence of cooperation under § 3553(a)."); *United States v. Burns*, 526 F.3d 852, 862 (5th Cir. 2008) (holding that defendant was "entitled to have his sentence set by a judge aware of the discretion that *Kimbrough* has announced"). That is precisely what the district court did here: It treated Clay's guidelines sentence as effectively mandatory because the recommended sentence was predicated on the career-offender-guideline enhancement. The district court did not recognize its discretion to vary from the guidelines range. This failure was procedural error. The question now is whether such error requires reversal.

## B.   Harmless Error

"Not all procedural errors require reversal; the court may affirm the sentence in spite of a procedural error if that error is harmless—that is, if the error did not affect the district court's selection of the sentence imposed." *Robinson*, 741 F.3d at 601 (quotation marks omitted). "The proponent of the sentence has the burden of establishing that the error was harmless." *Id.* (quotation marks omitted). "If a district court is mistaken about its authority to consider some factor during sentencing then the court must remand for resentencing unless it is clear that the district court would have imposed the same sentence had it known that it could consider that factor." *Id.* (quotation marks omitted).

Here, the district court's mistake likely affected the sentence it imposed. During the sentencing hearing, the district court was "troubled" by the vast increase in the guidelines range created by the career-offender enhancement. And, the court stated that, if it had "Fifth Circuit guidance" and "authority" to vary, "the outcome [likely] would have been different." The government concedes that the district court made these statements.

No. 14-60283

Because it was the government's "heavy burden" to "convincingly demonstrate that the sentencing court actually would have followed the very same reasoning absent the error," *id.* at 603—and because the government failed to do so here—we hold that the district court's procedural error was not harmless and thus requires vacatur of the sentence.[3]

## C.    Allocution

Finally, we note that, during the course of a lengthy sentencing hearing, the district court apparently overlooked the fact that Clay was not provided an opportunity to allocute before his sentence was imposed.  Clay brings this omission to our attention on appeal, and we are confident that the district court will allow Clay an opportunity to allocute prior to resentencing.  *See* Fed. R. Crim. P. 32(i)(4)(A)(ii) ("Before imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."); *see also Green v. United States*, 365 U.S. 301, 305 (1961) ("[T]rial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."); *United States v. Eads*, 480 F.2d 131, 133 (5th Cir. 1973) (same).

### III. CONCLUSION

Accordingly, we VACATE Clay's sentence and REMAND for resentencing to allow Clay to allocute and to allow the district court to exercise its discretion under § 3553(a) to vary, if appropriate, from the advisory sentencing range calculated by application of the U.S. Sentencing Guidelines. We express no view on what sentencing decisions the district court should make on remand.

---

[3] Because we find procedural error that was not harmless, we do not reach the issue of whether Clay's sentence is substantively unreasonable.

No. 14-60283

VACATED and REMANDED.