# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-40905
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL HERNANDEZ-SORIANO,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1415-1

—————

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rafael Hernandez-Soriano appeals his 50-month within-guidelines sentence for illegally reentering the United States after deportation. He contends that the district court committed procedural error by failing to recognize that it had the authority to grant his motion for a downward variance based on a then-pending amendment to U.S.S.G. § 2L1.2. *See United States v. Clay*, 787 F.3d 328, 332 (5th Cir. 2015).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40905

Hernandez-Soriano's argument is predicated on the district court's statement at sentencing that it was bound to apply the version of the Guidelines then in effect, which predated the effective date of the amendment in question. However, the court made that statement, which is a correct statement of law, *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007), in response to Hernandez-Soriano's request for a continuance until after the effective date of the amendment. While the statement is not truly responsive to the continuance request, it does not suggest a belief by the district court that it had no discretion to grant a downward variance in light of the pending amendment. Rather, the district court made an individualized assessment, taking into account Hernandez-Soriano's mitigation arguments, the 18 U.S.C. § 3553(a) factors, the Sentencing Guidelines, and Hernandez-Soriano's criminal history, which, the court noted, includes a very serious federal drug distribution conviction. Considering all of the relevant information, the court determined that 50 months was an appropriate sentence and thus denied the requested variance. Accordingly, Hernandez-Soriano has shown no error, plain or otherwise.

Because there is no support for Hernandez-Soriano's contention that the district court actually made the error he complains of, the judgment of the district court is AFFIRMED.