# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41231
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

CARLOS U. LOBO,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-690-1

Before HIGGINBOTHAM, SMITH, and COSTA, Circuit Judges.

PER CURIAM:[*]

Carlos Lobo appeals his 40-month, below-guidelines sentence for illegally reentering the United States. *See* 8 U.S.C. § 1326(a) and (b)(2). He contends that the district court erred in calculating his sentence by refusing to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

apply the pending, but not yet effective, 2016 guidelines—which would have resulted in a lower advisory range—because of a "fixed" policy that did not take his individual circumstances into account.  He further asserts that the court erroneously applied a 16-level "crime of violence" ("COV") enhancement, under former U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his conviction of assault with intent to commit rape under California Penal Code § 220(a).  He reasons that that offense constituted neither a "COV" nor a "felony" within the meaning of former Section 2L1.2.

We review for plain error the assertion regarding the application of a "fixed policy" regarding pending amendments.  *See Puckett v. United States*, 556 U.S. 129, 134 (2009); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).  The district court calculated Lobo's sentence according to the version of the guidelines then in effect, and Lobo does not allege that the court failed to appreciate its discretion to vary based on the pending guidelines.  *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007); *United States v. Clay*, 787 F.3d 328, 332 (5th Cir. 2015).  Although courts are required to make an individualized assessment, *see United States v. Alvarado*, 691 F.3d 592, 598 (5th Cir. 2012), they are free to disagree categorically with the guidelines based on policy considerations, *see Spears v. United States*, 555 U.S. 261, 265−66 (2009).

We need not reach whether the court committed error that was clear or obvious, because Lobo cannot, in any event, satisfy the third and fourth plain-error prongs.  *See United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).  The court conducted an individualized assessment of Lobo's circumstances, including his extensive criminal history, his repeated illegal reentries, his long-time residence in the United States, and his cultural assimilation.  Given that, nothing in the record suggests that the court would have granted a variance

based on the 2016 guidelines.  *See United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2012).  Nor does the error call for the exercise of our corrective discretion under the fourth prong, because "there is sufficient evidence in the record showing that the incorrect sentence was nevertheless fair."  *United States v. Brown*, 826 F.3d 835, 841 (5th Cir. 2016).

We review *de novo* Lobo's assertion that the district court erroneously enhanced his sentence under former Section 2L1.2(b)(1)(A)(ii) based on his California conviction.  *See United States v. Calderon-Pena*, 383 F.3d 254, 256 (5th Cir. 2004) (en banc) (per curiam).  As Lobo concedes, his theory that a violation of Section 220(a) does not constitute a COV for purposes of the guidelines is foreclosed by *United States v. Rojas-Gutierrez*, 510 F.3d 545, 547−50 (5th Cir. 2007).  Lobo further avers that his assault conviction was not a "felony" because his six-year state sentence was suspended in lieu of five years of probation, resulting in only one year of custody.  *See* U.S.S.G. § 2L1.2, comment. (n.2) (2015).  Any violation of Section 220(a), however, "exposes a defendant to a sentence of imprisonment" of at least two years, *United States v. Rivera-Perez*, 322 F.3d 350, 352 (5th Cir. 2003); *see* CAL. PENAL CODE § 220(a), and is therefore "punishable for a term exceeding one year," § 2L1.2, comment. (n.2). Lobo's conviction was thus a "felony" supporting an enhancement under former § 2L1.2(b)(1)(A)(ii).  *See Calderon-Pena*, 383 F.3d at 256.

Although Lobo asserts that the suspension of a majority of his state sentence in lieu of probation alters the above analysis, that argument is without merit, because the statutory provision he relies on—defining the term "sentence imposed" to exclude any suspended portion of that sentence—applies to enhancements based on a prior drug-trafficking offense, not a prior COV.  *See* § 2L1.2(b)(1)(A)(i), (ii) & comment. (n.2) (2015).

AFFIRMED.