# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2017

Lyle W. Cayce
Clerk

No. 17-30159
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOUGLAS BEER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-107-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Douglas Beer appeals the sentence imposed following his guilty plea to possession of child pornography of a minor not yet 12 years of age.  He contends that the district court's statements at the sentencing hearing indicate that it plainly erred in concluding that it did not have the discretion to disagree with the U.S.S.G. § 2G2.2 enhancements and impose a downward variance based on the mitigating facts and circumstances in his case.  Beer maintains that a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30159

downward variance was warranted because he had no criminal history, his offense was passive possession, and he had attempted to overcome his addictions to pornography and alcohol by attending individual and group counseling.

As Beer concedes, he did not raise this argument in the district court and, therefore, review is limited to plain error. *See United States v. Garcia-Perez*, 779 F.3d 278, 281 (5th Cir. 2015). To demonstrate plain error, Beer must establish a clear or obvious error that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The record indicates that the district court did not fail to recognize that it had the discretion to vary from the guidelines range. The district court considered Beer's lengthy sentencing memorandum, his letter to the court, the letters written in his support, the Presentence Report, and the 18 U.S.C. § 3553(a) factors. Based on that information, the district court made an individualized assessment of his case and determined that a sentence slightly below the advisory guidelines range would be appropriate under the circumstances. Therefore, the record reflects that the district court did not fail to recognize that it had the discretion to vary from the guidelines range and did not commit reversible plain error when it sentenced Beer to a slight downward variance of 57 months of imprisonment. *See United States v. Clay*, 787 F.3d 328, 332 (5th Cir. 2015); *United States v. Robinson*, 741 F.3d 588, 601 (5th Cir. 2014).

AFFIRMED.

2