# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-60487
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jessie Edward Winters,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:22-CR-64-1

———————————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jessie Edward Winters contests the within-Guidelines 210-months' sentence imposed following his guilty-plea conviction for distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1).  He contends the sentence is procedurally unreasonable because the district court did not appreciate its discretion to vary from the Guidelines.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Winters did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Winters must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

In not granting Winters' request for a downward variance, the district court did not make any explicit statements showing an erroneous belief that it did not have discretion to vary below the Guidelines. *But see United States v. Clay*, 787 F.3d 328, 330–32 (5th Cir. 2015) ("The district court did not recognize its discretion to vary from the guidelines range."). On the other hand, the court noted: the Guidelines sentencing range was advisory; it found no reason to depart from that range; and it considered: the 18 U.S.C. § 3553(a) sentencing factors, the statutory penalties, and the parties'

No. 23-60487

assertions. In short, Winters fails to show the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.