# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2024

Lyle W. Cayce
Clerk

No. 24-40216
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Tong Sun,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CR-810-1

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Tong Sun appeals his within-guidelines sentence of 144 months of imprisonment, followed by five years of supervised release, imposed after his guilty plea conviction for transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). Sun argues that the district court

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

committed a procedural error because it failed to appreciate its discretion to vary from the Guidelines.

On appeal we first review a sentence for significant procedural error, which may include treating the Guidelines as mandatory. *Gall v. United States*, 552 U.S. 38, 51 (2007). Contrary to his assertion otherwise, Sun did not preserve his procedural error issue in the district court, so our review is for plain error. *See United States v. Cot-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). To succeed on plain error, a defendant must demonstrate that there was a clear or obvious error that affected their substantial rights, and that the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

Here, the district court did not make any clear expressions that demonstrate an erroneous belief that it lacked the discretion to vary from the Guidelines. *See United States v. Clay*, 787 F.3d 328, 330-32 (5th Cir. 2015); *United States v. Philips*, 842 F. App'x 908, 911 (5th Cir. 2021). The record establishes that the district court's statement that the computer enhancement had been addressed by this court, and that the enhancement applied absent contrary guidance pertained to properly calculating the advisory guidelines range and application of an enhancement under U.S.S.G. § 2G2.2(b)(6). The record does not support a finding that the court believed it lacked discretion to vary from the guidelines range. Furthermore, the district court specifically noted that the guidelines range was advisory, and Sun was permitted to argue in support of a downward variance at sentencing.

In light of the whole record, Sun has not demonstrated plain error because it is neither clear nor obvious that the district court's comments reflected a belief that it lacked discretion to impose a sentencing variance.

No. 24-40216

*See Puckett*, 556 U.S. at 135.  Accordingly, the judgment of the district court is AFFIRMED.