United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**November 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30382
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINSON PULLIUM,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CR-50058-ALL
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:*

Vinson Pullium appeals the sentence imposed following his
guilty-plea conviction of possession of ammunition by a convicted
felon, in violation of 18 U.S.C. § 922(g)(1). He challenges the
district court's decision to depart upwards from a guidelines
range of 51 to 63 months of imprisonment and impose a sentence of
96 months of imprisonment. He argues that the district court
erred when it decided to depart upward based on his criminal
history, because his criminal history score fully reflects the
nature and seriousness of his criminal history and the likelihood

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he will commit other crimes.  He also argues that the extent of the departure was unreasonable.

The district court's oral sentencing pronouncement indicates that the sentence includes an upward departure, but in the statement of reasons the district court indicated that it was imposing a non-Guidelines sentence.  See, e.g., United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).  When a written sentence and an oral pronouncement are in conflict, the oral pronouncement controls.  United States v. Torres-Aquilar, 352 F.3d 934, 936 (5th Cir. 2003).  Therefore, Pullium's sentence is a sentence that includes an upward departure and is not a non-guidelines sentence.

Plain error review governs because Pullium did not preserve this objection.  See United States v. Jones, 444 F.3d 430, 436 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006).  The district court based its upward departure on U.S.S.G. § 4A1.2, comment. (n.8) and 4A1.3(a), which authorize departures where reliable information indicates that the criminal history category does not accurately reflect the seriousness of the defendant's past criminal history or the likelihood that the defendant would commit other crimes.  § 4A1.2, comment. (n.8) and § 4A1.3(a). The district court is not required to predict recidivism with scientific certainty.  See United States v. Simkanin, 420 F.3d 397, 418 & n.24 (5th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006).

The district court's reasons for the upward departure advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and are justified by the facts.  See United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006).  Also, Pullium concedes that the district court is not required to follow his ratio-based approach when determining the extent of the departure.  The district court is not required to mechanically discuss each sentencing level that it rejects.  See Zuniga-Peralta, 442 F.3d at 348 n.2.  Finally, the district court's departure does not appear unreasonable.  See Simkanin, 420 F.3d at 419; United States v. Daughenbaugh, 49 F.3d 171, 175 (5th Cir. 1995).

Thus, there was no clear or obvious error in the district court's decision to depart upward, nor is there clear or obvious error regarding the extent of the departure.  Because any error was not clear or obvious, Pullium cannot show plain error regarding the upward departure.  United States v. Olano, 507 U.S. 725, 731-37 (1993).

The judgment of the district court is therefore AFFIRMED.