# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2010

No. 09-60829
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAMARCUS TERRELL THOMAS, also known as Lamarcus Coleman,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CR-44-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lamarcus Terrell Thomas appeals the sentences imposed for his convictions for carjacking and brandishing a firearm during a crime of violence.

With respect to the firearms offense, Thomas argues that the district court failed to calculate the advisory guidelines range, failed to give notice of its intent to impose a non-guidelines sentence, and failed to make findings and give adequate reasons for imposing a non-guidelines sentence. Because Thomas did not raise these arguments in the district court, this court reviews for plain error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  To show plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Id.*  If the defendant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  We find no error, plain or otherwise.

There was no error in the district court's calculation of the guidelines sentence.  The district court adopted the Presentence Report, which correctly provided that under U.S.S.G. § 2K2.4(b), the guideline sentence was the seven-year minimum term of imprisonment required by 18 U.S.C. § 924(c)(1)(A)(ii).  *See United States v. Molina*, 530 F.3d 326, 328 (5th Cir. 2008).  The district court exercised its discretion to impose a sentence above the guidelines sentence of seven years.  *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

The district court did not fail to give adequate reasons for imposing the non-guidelines sentence.   The district court properly considered Thomas's allocution, counsel's arguments, the advisory guidelines range, and the 18 U.S.C. § 3553(a) factors.  It gave detailed, extensive, and adequate reasons for the non-guidelines sentence, including the violent nature of the offenses, Thomas's criminal history and characteristics, and the need to promote respect for the law, provide deterrence, and protect the public from future crimes by Thomas.   *See United States v. Key*, 599 F.3d 469, 474-75 (5th Cir. 2010)(discussing how a district court can meet requirement to provide an explanation for a non-guidelines sentence).

The district court did not err in not giving notice of its intent to impose a non-guidelines sentence.   A district court may sua sponte impose a non-guidelines sentence without providing advance notice to the defendant.  *See Irizarry v. United States*, 553 U.S. 708, __, 128 S. Ct. 2198, 2202-03 (2008); *United States v. Mejia-Huerta*, 480 F.3d 713, 722-23 (5th Cir. 2007).

With respect to the carjacking offense, Thomas challenges the district court's application of an enhancement to his offense level under U.S.S.G. § 3A1.1(b)(1) providing for a 2-level enhancement when the offense involves vulnerable victims. Because this objection was raised below, this court "review[s] the district court's interpretation of the guidelines de novo," and "a finding of unusual vulnerability for clear error and to determine whether the district court's conclusion was plausible in light of the record as a whole." *United States v. Robinson*, 119 F.3d 1205, 1218 (5th Cir. 1997).

The victims were an elderly husband and wife, who were 81 and 78 respectively. Thomas contends that, because the husband fought back, he was not "vulnerable." The district court found that the victims appeared to be in their 70's and that Thomas would have been aware of their ages at the time of the offense. It also found that the wife did not fight back and that, although the husband initially was able to resist, Thomas beat him to the ground with a gun. The district court's findings were plausible in light of the record as a whole, and it did not commit clear error in finding that the offense involved vulnerable victims to which the § 3A1.1(b)(1) enhancement applied. *See United States v. Angeles-Mendoza*, 407 F.3d 742, 747 n.5 (5th Cir. 2005).

Arguing that his trial counsel was ineffective, Thomas asserts that counsel did not object that the district court failed to properly calculate the guidelines sentence, failed to provide justification for imposing a non-guidelines sentence, and failed to provide advance notice of its intent to impose a non-guidelines sentence. Claims of ineffective assistance of counsel generally "cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). Because Thomas did not raise this issue in the district court, the record is not sufficiently developed to permit direct review. *See id.*

AFFIRMED.