# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40191

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

OSCAR EDUARDO JUAREZ,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before ELROD, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:

Oscar Eduardo Juarez appeals his ten-year sentence for brandishing a firearm. Because there is uncertainty in the record as to whether the district court intended to impose an upward departure or variance or erroneously believed that the ten-year sentence was within the Sentencing Guidelines, and because the government has not shown that any procedural error was harmless, we VACATE Juarez's sentence and REMAND for resentencing.

**I.**

Juarez was charged with one count of carjacking in violation of 18 U.S.C. § 2119 and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Juarez pleaded guilty,

No. 15-40191

pursuant to a written plea agreement, to the charge of brandishing a firearm, and the government dismissed the carjacking charge.

Juarez's presentence investigation report (PSR) correctly stated that under § 924(c)(1)(A)(ii), Juarez was subject to a mandatory minimum sentence of seven years' imprisonment and a maximum sentence of life imprisonment. The PSR also correctly noted that "[p]ursuant to U.S.S.G. § 2K2.4(b), if the defendant . . . was convicted of violating [§ 924(c)] the guideline sentence is the minimum term of imprisonment required by statute, which in this case is 7 years (84 months)." The PSR also stated that under § 2K2.4, cmt. n.2(B), any sentence above the seven-year mandatory minimum would be an upward departure from the guideline sentence. Neither party objected to the PSR.

At sentencing, after confirming that Juarez had reviewed the PSR, the district court stated, "[a]lthough the Guidelines address this kind of conviction, the Guidelines really don't set out the guideline range for this. It becomes whatever the statute requires, and so what you're looking at is a minimum of five years—excuse me, seven years and up to life in prison." Juarez's counsel then requested that the district court impose the seven-year mandatory minimum sentence, noting that "the Guidelines basically provide that that's essentially the recommended guideline sentence." In support of this request, Juarez's counsel asked the district court to take into consideration that Juarez was 19 years old, had been candid with law enforcement, and had two young children, and that Juarez's criminal record was the result of his drug use and "association with negative peers." Counsel also stated that Juarez acknowledged his need to "pay his debt to society," "address his drug problem," and "change the people with whom he's associating." Juarez then apologized to the district court and to his victims.

The government opposed Juarez's request for the mandatory minimum sentence, maintaining that it was inadequate. The government asserted that

2

No. 15-40191

Juarez had an extensive history of "bad acts" with victims who were lucky not to have been killed or injured and that in the instant case Juarez was carrying a loaded firearm, pointing it at people, and using drugs. The government then stated that "[b]ased on the PSR, obviously the Court is well aware of the mandatory minimum applies, but there is no guideline range, per se, and the Court is open to whatever the Court believes that the Defendant deserves." Juarez's counsel interjected to correct the government, stating that under § 2K2.4, "[i]f the Defendant was convicted of violating [§] 924(c), the guideline sentence is the minimum term of imprisonment required by statute." The district court responded, "I do agree and I read that, but—." Before the district court could complete its sentence, Juarez's counsel continued, "[a]nd I'm again, I'm not saying the Court is bound by the Guidelines, but I'm asking the Court to find that that is sufficient."

The district court then proceeded to discuss Juarez's youth and circumstances, telling him, "my heart does ache for you" because of the path his life had taken. The district court then emphasized the seriousness of the offense conduct and Juarez's luck that the carjacking victim was unarmed and nobody was killed. The district court sentenced Juarez to a ten-year term of imprisonment and a five-year term of supervised release. The court explained that:

> if this was a recent spur of criminal activity, Mr. Juarez, I would have no problem sentencing you at the mandatory minimum here, but because of the history that we have here dating back to a very young age and I'll note that in that respect in 2009, one of the juvenile offenses that you had is where—involving a weapon and it was luckily not something that resulted, again, in anybody being hurt and a few years later, you have the same situation in 2012 and again, luckily nobody was hurt, but certainly there is conduct that the Court believes is serious enough where the Court cannot impose the mandatory minimum here, Mr. Juarez.

3

No. 15-40191

Juarez objected to his sentence, arguing that it was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a).

In its written statement of reasons (SOR), the district court adopted the PSR without change.  However, the SOR incorrectly listed Juarez's Guidelines range, before any departures, as 84 months (seven years) to life imprisonment. The SOR further indicated that Juarez's ten-year term of imprisonment was a within-Guidelines range sentence, and the departure and variance sections of the SOR were left blank.

Juarez filed a timely notice of appeal, arguing that his sentence must be vacated and his case remanded for resentencing because it is impossible to determine whether the district court mistakenly believed that the ten-year sentence was within the Guidelines range or intended to impose a departure or variance from the Guidelines range, and that his sentence is procedurally and substantively unreasonable.  The government argues that the district court unambiguously and mistakenly believed that its sentence was within the Guidelines range, but that the error was harmless.

## II.

In reviewing sentencing challenges, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Id.*  "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Id.*

No. 15-40191

If procedural error occurs, we review for harmless error. *United States v. Clay*, 787 F.3d 328, 330 (5th Cir. 2015). "In conducting this review, we review the district court's interpretation or application of the sentencing guidelines de novo and its factual findings for clear error." *Id.*

### III.

### A.

It is undisputed that the correct Guidelines "range" was a seven-year sentence. The statutory mandatory minimum sentence for brandishing a firearm under § 924(c)(1)(A)(ii) is seven years' imprisonment. 18 U.S.C. § 924(c)(1)(A)(ii). Section 2K2.4(b) provides that "if the defendant . . . was convicted of violating section 924(c) . . . the guideline sentence is the minimum term of imprisonment required by statute." U.S.S.G. § 2K2.4(b); *see also United States v. Thomas*, 384 F. App'x 394, 396 (5th Cir. 2010) (noting that the guideline sentence for a violation of § 924(c)(1)(A)(ii) was the seven-year mandatory minimum term of imprisonment).

It is unclear from the record whether the district court understood that the ten-year sentence it imposed exceeded the Guidelines sentence. On the one hand, the PSR and sentencing recommendation both correctly identified the Guidelines range as seven years. In addition, at sentencing Juarez twice reiterated that the Guidelines recommendation was the mandatory minimum of seven years. On one occasion, the district court responded, "I do agree and I read that, but—" before being interrupted. On the other hand, the district court incorrectly stated at the onset of the sentencing hearing that there was no Guidelines range for Juarez's firearm offense and the statutory range of seven years to life established the applicable range of imprisonment. Moreover, the district court did not correct the Government when it reiterated this misunderstanding by stating "there is no guideline range, per se."

5

No. 15-40191

The SOR furthered this confusion. In the SOR, the district court indicated that: (1) the Guidelines range, before any departures, was seven years to life imprisonment; (2) the court had imposed a within-Guidelines sentence; and (3) it had not departed or varied from the Guidelines. However, in the SOR the district court also adopted the PSR, which listed the correct seven-year Guidelines sentence and noted that any sentence above the mandatory minimum would be an upward departure. As such, at various times both at sentencing and in its SOR, the district court seemed to be under the misunderstanding that the Guidelines range was seven years to life.

Where a sentence is ambiguous, the proper course is to remand so that the district court can clarify its sentence at a resentencing proceeding. In *United States v. Garza*, 448 F.3d 294 (5th Cir. 2006), the district court had orally announced alternative sentences in anticipation of a pending Supreme Court decision, but the written judgment did not include these alternative sentences. We explained:

> "[W]hen there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." However, if there is "an ambiguity between the two sentences, the entire record must be examined to determine the district court's true intent." In the case before us, there is an ambiguity in the oral pronouncement itself, and we cannot ascertain the district court's true intent from an examination of the record.

*Id.* at 302 (citations omitted). Because "[c]riminal sentences must 'reveal with fair certainty the intent of the court to exclude any serious misapprehensions by those who must execute them,'" the court explained that "unclear or ambiguous sentences must be vacated and remanded for clarification in 'the interest of judicial economy and fairness to all concerned parties.'" *Id.* (citations omitted); *see also United States v. Garcia-Ortiz*, 310 F.3d 792, 795 (5th Cir. 2002) ("In light of the ambiguity in the record, the best course is to remand the case for reconsideration of the sentence."); *United States v.*

No. 15-40191

*Aguilar-Ramirez*, No. 00-50889, 264 F.3d 1141, at *2 (5th Cir. June 22, 2001) (unpublished) ("Where, as here, the record is confusing, a remand is required.").

Here, although the district court unambiguously sentenced Juarez to ten years' imprisonment, it was ambiguous whether the district court imposed the sentence incorrectly believing it to be within the Guidelines or as a departure or variance. The inconsistences between the district court's statements at sentencing, the PSR, and the SOR make it impossible to determine with certainty whether the district court committed a "significant procedural error" by improperly calculating Juarez's Guidelines sentence. Accordingly, the proper course is to vacate Juarez's sentence and remand for resentencing. *See Garza*, 448 F.3d at 302 (vacating sentence and remanding for resentencing); *Aguilar-Ramirez*, 264 F.3d 1141, at *3 (same); *see also United States v. Brown*, 578 F.3d 221, 226 (3d Cir. 2009) (vacating sentence and remanding for resentencing where district court's inconsistent statements left court of appeals "unable to determine whether the District Court intended to grant an upward departure or intended to grant a variance").

**B.**

Even assuming *arguendo* that—as the government argues—the district court unambiguously committed a procedural error by mistakenly concluding that the Guidelines range was seven years to life, the government has not met its burden to establish that the error was harmless. "If the court has committed [a significant procedural] error, we must remand unless the proponent of the sentence establishes that the error 'did not affect the district court's selection of the sentence imposed.'" *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)). "[T]he harmless error doctrine applies only if the proponent of the sentence convincingly demonstrates both (1) that the district court would

7

No. 15-40191

have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010). "To satisfy that burden, the proponent 'must point to evidence in the record that will convince us that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error.'" *Id.* at 718 (citation omitted). "This is a heavy burden." *Id.* at 717.

The government argues that the district court's statements at sentencing establish that it unambiguously had the ten-year sentence in mind, rendering the error harmless. The government argues that the district court imposed the sentence "because it agreed with the Government that the mandatory-minimum sentence was insufficient under the 18 U.S.C. § 3553(a) factors" and never mentioned the Guidelines range.

At sentencing, the district court recognized Juarez's youth, but expressed its "grave concern" for the people that could have been killed as a result of his offense, and noted that drug activity had become Juarez's "way of life" and that "this is the time" he needed to be "held accountable for [his] conduct." The court continued:

> But you are, because of the history that I have here, of great concern to me and if this was the only time that you had been involved with a weapon, *if this was a recent spur of criminal activity, Mr. Juarez, I would have no problem sentencing you at the mandatory minimum here*, but because of the history that we have here dating back to a very young age and I'll note that in that respect in 2009, one of the juvenile offenses that you had is where—involving a weapon and it was luckily not something that resulted, again, in anybody being hurt and a few years later, you have the same situation in 2012 and again, luckily nobody was hurt, but *certainly there is conduct that the Court believes is serious enough where the Court cannot impose the mandatory minimum here*, Mr. Juarez.

8

(emphasis added). The district court also noted that it had considered the § 3553(a) factors, specifically, the need to protect the public, deter future criminal conduct, and promote respect for the law.

Under our precedent, these comments are insufficient to satisfy the government's "heavy burden" of showing that the district court's procedural error was harmless. In *Ibarra-Luna*, the district court imposed a 36-month sentence after incorrectly calculating the Guidelines range as 12 to 18 months, when the correct range was 6 to 12 months. 628 F.3d at 716. We were "convinced that the explanation the district court gave for imposing an above-Guidelines sentence would have led it to do so even if it had considered the correct Guidelines range," but nevertheless vacated the sentence and remanded for resentencing, explaining: "We cannot state with the requisite certainty . . . that the district court would have imposed precisely the same sentence. The district court did not indicate how it selected a sentence of 36 months, and it did not state whether this sentence was influenced by its Guidelines calculations or based instead on independent factors." *Id.* at 719.

Here, it is not even clear that the district court would have departed upward if it had known that the Guidelines suggested a sentence of seven years and not seven years to life. This is significant; the district court apparently believed the sentence it was imposing was far below the Guidelines' maximum recommended sentence of life imprisonment, when in fact it was three years above the Guidelines sentence. This fact alone casts doubt on the government's premise that the error was harmless. *See Delgado–Martinez*, 564 F.3d at 753 ("[T]he improper calculation of the Guidelines range can rarely be shown not to affect the sentence imposed.") (quoting *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008)). Regardless, the district court did not explain how it selected the ten-year sentence, nor did it state that it would impose the same sentence if the Guidelines recommended only seven years' imprisonment.

No. 15-40191

Under these circumstances, we "cannot state with the requisite certainty . . . that the district court would have imposed precisely the same sentence" in the absence of the error. *Ibarra-Luna*, 628 F.3d at 719; *see also United States v. Martinez-Flores*, 720 F.3d 293, 300–01 (5th Cir. 2013) (rejecting a harmless error argument where the district court did not clearly state that it would impose the same sentence absent the error). Therefore, the government has not met its heavy burden to show that the district court's procedural error was harmless.[1]

## IV.

For the foregoing reasons, we VACATE Juarez's sentence and REMAND for resentencing.

---

[1] We therefore need not reach Juarez's additional argument that his ten-year sentence was substantively unreasonable.