# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40723
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE DE LOS SANTOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1556-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Guadalupe De Los Santos appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court sentenced him to 40 months in prison, which was above the recommended guidelines range of 10-16 months.

De Los Santos contends that his prior drug-related convictions were not valid bases for a U.S.S.G. § 5K2.0 upward departure and that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not properly depart upward pursuant to U.S.S.G. § 4A1.3 because the sentence was not based upon an underrepresentation of his criminal history. De Los Santos also argues that the extent of the departure was unreasonable because it gave too much weight to his prior drug convictions.

We conclude that the sentence was not based upon an upward departure pursuant to § 4A1.3. Accordingly, De Los Santos's arguments addressing § 4A1.3 are unavailing. Moreover, while the district court's Statement of Reasons states that the sentence was based upon an upward departure pursuant to § 5K2.0, the district court's oral pronouncement of the sentence indicates that the sentence was intended as an upward variance. "[W]hen there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). We therefore conclude that the sentence was a variance, not a § 5K2.0 departure. *See id.*; *see also United States v. Pullium*, 204 F. App'x 451, 452 (5th Cir. 2006); *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003).

We review whether a sentence is reasonable under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In performing this review, we "first ensure that the district court committed no significant procedural error" and "then consider the substantive reasonableness of the sentence imposed . . . ." *Id.*

De Los Santos's criminal history is one of the factors that the district court could consider in imposing the non-guidelines sentence. *See United States v. Lopez-Salas*, 513 F.3d 174, 180-81 (5th Cir. 2008). Accordingly, the district court did not abuse its discretion in varying upward based upon De Los Santos's prior federal and state drug convictions. *See United States v. Herrera-Garduno*, 519 F.3d 526, 530-31 (5th Cir. 2008); *Lopez-Salas*, 513 F.3d at 180-

Moreover, the upward variance in this case is well within the range of upward variances that we have upheld. *See United States v. Gutierrez*, 635 F.3d 148, 155 n.34 (5th Cir. 2011) (collecting cases). The district court's judgment is AFFIRMED.