# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2020

Lyle W. Cayce
Clerk

No. 19-51126
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAJUAN EDWARD BRYSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-74-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Dajuan Edward Bryson appeals his 60-month sentence following his guilty plea conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Bryson contends that the district court erred in imposing an above-guidelines sentence without adequate explanation. He additionally

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

argues that the district court's decision to impose his sentence consecutively to his state-court sentences is both inadequately explained and ambiguous.

We review the reasonableness of a sentencing decision in two phases. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we must "ensure that the district court committed no significant procedural error." *Id.* Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* If there is no procedural error, or if the procedural error is harmless, we review the substantive reasonableness of the imposed sentence for abuse of discretion. *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (citing *Gall*, 552 U.S. at 51). We review the district court's application of the guidelines de novo and its factual findings for clear error. *Id.*

Bryson first contends that the district court procedurally erred by failing to adequately explain his above-guidelines sentence. We disagree.

The district court is required to state in open court the "specific reason" for imposing an above-guidelines sentence. 18 U.S.C. § 3553(c); *see also United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010). The district court must "thoroughly articulate its reasons," which must be "fact-specific and consistent with the sentencing factors enumerated in section 3553(a)." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). However, neither "robotic incantations" nor a "checklist recitation" of the relevant § 3553(a) factors is required. *Id.* Rather, the district court's explanation for the sentence must be sufficient "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50; *see also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set

forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").

Here, the district court first considered the revised Presentence Investigation Report ("PSR"), which it subsequently adopted without objection. The PSR calculated Bryson's criminal history score to be VI, based on 32 criminal history points as a result of numerous convictions for burglary and theft. The PSR calculated Bryson's guideline range of 30 to 37 months imprisonment, based on a total offense level of 12, but the probation officer recommended an upwards departure due to Bryson's significant criminal record. The district court expressed concern that despite his young age, Bryson had already reached the "highest" possible criminal history score. After hearing Bryson's allocution and additional argument related to Bryson's criminal record, the district court advised Bryson that it was considering an above-guidelines sentence. Following a recess in which Bryson agreed to proceed with the sentencing, the district court stated that it considered the § 3553(a) factors and varied upwards to sentence Bryson to 60 months in custody.

While the imposition of the sentence was brief, the district court explained that the upward variance was based on the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public and deter future criminal conduct—each of which are proper considerations under § 3553(a)(1) and § 3553(a)(2). Additionally, it is clear from the record and the parties' sentencing arguments that the district court was concerned with Bryson's significant criminal record. *See Rita*, 551 U.S. at 359 (2007) ("[G]iven the straightforward, conceptually simple arguments . . . the judge's statement of reasons . . . though brief, was legally sufficient."); *United States v. Fraga*, 704

F.3d 432, 439 (5th Cir. 2013) ("[T]he record makes the sentencing judge's reasoning clear and allows for effective review; no further explanation was required."). The district court fulfilled its procedural obligations.

Bryson adds that the district court's subsequent written statement of reasons, which noted that Bryson's sentence was the result of an upward *departure* rather than an upward *variance*, further demonstrates the district court's inadequate rationale for imposing an above-guidelines sentence. Not so. The record clearly indicates that the district court intended to impose an above-guidelines sentence. *Cf. United States v. Juarez*, 812 F.3d 432, 437 (5th Cir. 2016). Moreover, we agree with the government that any error here is harmless. It is well settled that "when there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001); *see also United States v. De Los Santos*, 668 F. App'x 98, 99 (5th Cir. 2016) (classifying sentence as a variance based on district court's oral pronouncement where the statement of reasons called it a departure).

Bryson next asserts that the district court failed to give adequate reasons for imposing his sentence consecutively to his undischarged state-court sentences. This is similarly unpersuasive. The record shows that the district court expressly considered the § 3553(a) factors in reaching Bryson's sentence, and implicitly adopted the government's argument that a consecutive sentence was warranted to address Bryson's extensive, persistent criminal conduct. *See United States v. Everist*, 368 F.3d 517, 521 (5th Cir. 2004). Bryson does not argue that a consecutive sentence is substantively unreasonable, thereby abandoning any such argument on appeal. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

No. 19-51126

Inasmuch as Bryson contends that the judgment is ambiguous regarding which sentences are to be served consecutively, his argument is unavailing. Although the judgment does not cite the case numbers assigned to his undischarged state-court sentences in Williamson and Ellis County, Texas, the plain intention of the district court regarding which sentences should be stacked is apparent from the judgment and pertinent records. Bryson does not argue, must less demonstrate, that further clarification is necessary for the Bureau of Prisons to execute his judgment and thus fails to show that the judgment is impermissibly ambiguous. *See United States v. Garza*, 448 F.3d 294, 302 (5th Cir. 2006).

AFFIRMED.