# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2021

Lyle W. Cayce
Clerk

No. 20-40210

United States of America,

*Plaintiff—Appellee*,

*versus*

Wilbert Brown,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CR-74-5

Before Dennis, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Wilbert Brown pleaded guilty to conspiracy to commit wire-fraud. He was sentenced to thirteen months in custody; three years of supervised release; and ordered to pay a $100 special assessment and $31,800 in restitution. The district court also imposed several special conditions of supervised release related to (1) payment of penalties, (2) financial

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40210

information, (3) credit, (4) gambling, (5) psychoactive substances, (6) participation in and payment for drug testing and treatment, and (7) participation in and payment for mental health treatment and prescriptions.

Just over a year after Brown began his term of supervised release, it was revoked for violation of supervised-release conditions. At Brown's revocation hearing, the magistrate judge recommended a sentence of twelve months in custody, two years of supervised release, the same mandatory and standard conditions included in the original sentence, the same special condition regarding restitution payment, and the special condition of living in a residential reentry center for 180 days after his release.

The district judge orally sentenced Brown to serve fourteen months in custody, serve two years of supervised release, and pay $24,869.11 in restitution. In its written judgment, the court imposed the same mandatory and standard conditions as the original written judgment, the same criminal monetary penalties of a $100 special assessment and $31,800 in restitution, and the same special conditions. The written judgment imposed fourteen months in custody; two years of supervised release; and two new special conditions requiring home detention for 180 days and payment of $24,689.11 in restitution.

Brown challenges the $100 special assessment, the $31,800 restitution obligation, the special condition requiring payment of $24,689.11 in restitution, and conditions (2)–(6) of the original special conditions. We AFFIRM in part, VACATE in part, and REMAND for resentencing.

## I.

A defendant has the same right to be present at his sentencing after revocation of supervised release that he has at his initial sentencing. *United States v. Rodriguez*, 23 F.3d 919, 921 (5th Cir. 1994) (acknowledging a

No. 20-40210

defendant's right to be present at sentencing in the context of a revocation hearing) (citing *United States v. Moree*, 928 F.2d 654, 655–56 (5th Cir. 1991) (acknowledging a defendant's right to be present at resentencing and other proceedings expanding the sentence)).  We apply one of two standards of review for sentencing appeals that are grounded in that right to be present. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (citing FED. R. CRIM. P. 52(b), 51(b)).  If the defendant had no opportunity to object, we review for abuse of discretion; if he had the opportunity but failed to object, plain error review applies. *United States v. Omigie*, 977 F.3d 397, 406-07 (5th Cir. Oct. 7, 2020).  Notice is deemed given where a condition is mandatory or where the court expressly states that it adopts the conditions listed in a document such as a presentencing report (PSR) which the defendant has had the opportunity to review.  *See Diggles*, 957 F.3d at 560 ("When the defendant confirms review of the PSR and sentencing goes forward, a court's oral adoption of PSR-recommended conditions gives the defendant an opportunity to object.") (citations omitted).

## II.

## A.

Brown challenges the $100 special assessment. This special assessment was included in the written judgment imposed following Brown's revocation hearing but was not orally announced.  This fee is a mandatory special assessment on any individual convicted of a felony offense against the United States.  18 U.S.C. § 3013(a)(2)(A).  Brown argues that because the special assessment is not mandatory under 18 U.S.C. § 3583, which governs the imposition and revocation of supervised release, under the *Diggles* framework the court was required to orally pronounce it at his revocation hearing.  We disagree.

No. 20-40210

Brown cites unpublished opinions from this circuit to argue that criminal monetary penalties, including special assessments and restitution, must be explicitly reimposed at the revocation stage or they disappear. But these unpublished summary opinions are not binding, nor are they persuasive[1]. *See United States v. Rodriguez-Albir*, 612 F. App'x 783, 784 (5th Cir. 2015) (unpublished); *see also United States v. Bernardez-Avila*, 609 F. App'x 228, 229 (5th Cir. 2015) (unpublished); *United States v. Gil-Perez*, 605 F. App'x 439, 439 (5th Cir. 2015) (unpublished); *United States v. Orduna-Perales*, 530 F. App'x 355, 356 (5th Cir. 2013) (unpublished)). A revocation sentence does not supplant a defendant's original final sentence; it is treated as part of the original sentence. *See United States v. Haymond*, 139 S. Ct. 2369, 2379-80 (2019) (plurality opinion) ("[A]n accused's final sentence includes any supervised release sentence he may receive . . .. [S]upervised release punishments arise from and are 'treat[ed] . . . as part of the penalty for the initial offense.'") (quoting *Johnson v. United States*, 529 U.S. 694 (2000). This is further enforced by this court's precedents that a defendant "may not use an appeal of [his] supervised release to attack [his] original sentence[.]" *United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005). To allow Brown to challenge the $100 special assessment upon appeal of the conditions of his supervised release after revocation would be to allow just that. This would also conflict with the clear Congressional emphasis on the finality of judgments. *See* 18 U.S.C. § 3582(b) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be" "appealed," "modified," and "corrected," "a judgment of conviction that includes such a sentence

---

[1] Additionally, these unpublished cases are distinguishable on the ground that in each of them the Government conceded that a conflict existed between the oral and written sentences with regard to the $100 special assessment. *See Rodriguez-Albir*, 612 F. App'x at 784; *Gil-Perez*, 605 F. App'x at 439; *Bernardez-Avila*, 609 F. App'x at 229; *Orduna-Perales*, 530 F. App'x at 356.

constitutes a final judgment for all other purposes.").It is thus irrelevant that the $100 special assessment is not mandatory under 18 U.S.C. § 3583; it had already been imposed as part of the final judgment against Brown and need not have been reimposed at Brown's revocation hearing.

**B.**

Brown also argues that there is a conflict as to the amount of restitution he is obligated to make.  Unlike the special assessment, the requirement to pay restitution is a mandatory condition of supervised release. 18 U.S.C. § 3583(d). But there is a distinction between a restitution penalty itself and a condition of supervised release to pay that restitution.  A restitution penalty imposed as part of an original judgment remains unmodified by any supervised release conditions imposed upon revocation for the same reasons that pertain to the $100 special assessment.  Here, Brown was originally ordered to pay a restitution penalty of $31,800, and payment of that penalty was a special condition of his original term of supervised release.  Upon revocation, the district court orally pronounced the requirement to pay restitution in the amount of $24,869.11. However, it is unclear whether this pronouncement was intended to modify the amount of the original restitution penalty to $24,869.11, or to apply a new special condition to pay restitution in that amount to his second term of supervised release.  The written revocation judgment is also unclear, as it includes both $24,869.11 and $31,800 under different headers.  We thus vacate the revocation judgment's restitution order and remand this issue for clarification by the district court. *See United States v. Juarez*, 812 F.3d 432, 437 (5th Cir. 2016) (remanding for resentencing when review of the record did not resolve ambiguity); *accord United States v. Garcia*, 604 F.3d 186, 191 (2010).

No. 20-40210

## C.

Of the nine special conditions of supervised release in the written judgment following revocation, Brown asserts that six were neither orally pronounced by the court at his revocation hearing nor required by statute: viz., (1) that he provide the probation officer with access to requested financial information to monitor payments and employment; (2) that he not incur new credit charges or open lines of credit without approval of the probation officer until any financial obligations have been paid in full; (3) that he not participate in any form of gambling until any financial obligations have been paid in full; (4) that he not purchase, possess, or use psychoactive substances; (5) that he participate in a program of testing and treatment for drug abuse, and pay any cost associated with drug testing and treatment; and (6) that he participate in mental health treatment programs, take prescribed medications, and pay costs associated with mental health treatment and testing.    The Government concedes that these six conditions were discretionary, that the district court was required to orally announced them, and that it did not.  Because the government has thus waived any argument to the contrary, without addressing the underlying merits of Brown's claims as to this issue, we agree that these six conditions constitute a conflict between the oral pronouncement and the written judgment and must be excised from the revocation judgment.

## D.

Finally, while unraised by the parties, this court takes *sua sponte* judicial notice that the term of supervised release to which Brown was sentenced upon revocation exceeds the statutory maximum.  *See United States v. Broussard*, 669 F.3d 537, 552 & n.10 (5th Cir. 2012) (noting that appellate courts may take judicial notice of errors which are obvious or seriously affect the fairness and integrity of judicial proceedings).  Brown's

No. 20-40210

offense of conviction is a Class C felony and hence carries a statutory maximum supervised release term of three years (thirty-six months). 18 U.S.C. §§ 1343, 1349; 18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2). The maximum term of supervised release that may be imposed following the term of imprisonment is the statutory maximum term of supervised release applicable to Brown's underlying offense minus any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h). Because the district court sentenced Brown to a fourteen-month term of imprisonment upon revocation, the maximum term of supervised release that could be imposed thereafter was thus twenty-two months. However, the district court sentenced Brown to a twenty-four-month term of supervised release. Thus, the length of the term of supervised release constitutes an illegal sentence and must be corrected. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008).

## III.

For the foregoing reasons we AFFIRM Brown's sentence in part, VACATE in part and REMAND for resentencing not inconsistent with this opinion.