# United States Court of Appeals for the Fifth Circuit

———————

No. 23-30867

———————

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FURRELL JOHNSON,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-13-1

———————————————————————

Before SOUTHWICK, HAYNES, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Defendant Furrell Johnson pleaded guilty to carjacking, in violation of 18 U.S.C. §§ 2 and 2119(1), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii).

The presentence report ("PSR") correctly stated that the Guidelines sentence for Johnson's brandishing offense was 84 months to be served consecutively to the carjacking sentence. That is because the Guidelines

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

sentence for a violation of § 924(c) "is the minimum term of imprisonment required by statute," U.S. Sent'g Guidelines Manual § 2K2.4(b), which is seven years (84 months), 18 U.S.C. § 924(c)(1)(A)(ii). *See United States v. Juarez*, 812 F.3d 432, 436 (5th Cir. 2016) (per curiam).

Although the district court adopted the PSR without change, it also indicated at various points that the Guidelines sentence for the brandishing offense was a range of 84 months to life, rather than simply 84 months. For example, at one point the district court told Johnson he was "looking at . . . seven to life on the second count." Also, after imposing a sentence of 156 months for the brandishing offense, the district court told Johnson that he had received a Guidelines sentence. Then in the district court's statement of reasons, it again stated that it was adopting the PSR without change but listed the Guidelines range for the brandishing offense as 84 to life and indicated that it had imposed a within-Guidelines sentence.

We faced a similar situation in *Juarez*. There too a district court appeared to believe that the Guidelines sentence for the defendant's brandishing offense was 84 months to life, rather than simply 84 months. *Id.* But, also like this case, "[t]he inconsistencies between the district court's statements at sentencing, the PSR, and the [statement of reasons]" made it unclear whether the district court understood that the defendant's sentence "exceeded the Guidelines sentence." *Id.* at 436–37. Because "[c]riminal sentences must reveal with fair certainty the intent of the court," we vacated the sentence and remanded for clarification. *Id.* at 437 (internal quotation marks and citation omitted). Both parties ask us to do the same here. Although the district court has discretion to impose an above-Guidelines

No. 23-30867

sentence, we are not certain that was its intent.[1]  Accordingly, we VACATE Johnson's sentence and REMAND for resentencing.

_____

[1] We need not reach the standard of review because the proper remedy in this situation, as in *Juarez*, is to vacate and remand for clarification, which the parties acknowledge. *See Juarez*, 812 F.3d at 437.